IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM TALIAFERRO,

    Petitioner,

v.                                         Civil Action No. 3:18CV579

J. RAY ORMOND,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] Petitioner challenges his 1999 institutional conviction, which resulted in the loss of 27 days of good conduct time and the imposition of a public safety factor. Petitioner contends that he is entitled to relief because:

Claim One     The Bureau of Prisons ("BOP") abused its authority when it removed "27 good-time days for setting a fire in New York while being housed at Allenwood Prison in Pennsylvania and assessed him a Public Safety Factor for the alleged conduct that was unfounded." (§ 2241 Pet. 4 (citation omitted).)

The matter is before the Court on Respondent's Motion for Summary Judgment.[2] As explained below, the Motion for Summary Judgment (ECF No. 12) will be GRANTED because Petitioner's challenge to the loss of good conduct time on an expired sentence is moot and Petitioner's challenge to the imposition of a public safety factor is unexhausted.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to the parties' submissions. The Court corrects the capitalization and punctuation in the quotations from the parties' submissions. According to Respondent, Petitioner's name is "William Tagliaferro." (ECF No. 13, at 1 n.1.)

[2] Respondent filed a Motion to Dismiss or in the Alternative, for Summary Judgment. Because the Court considers the documents attached to the Motion, the Court will treat the Motion as one for summary judgment.

# I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of its Motion for Summary Judgment, Respondent submitted BOP documents pertaining to the imposition and computation of Petitioner's sentences and refers to documents Petitioner submitted in conjunction with his § 2241 Petition. Petitioner has not responded. Accordingly, this lapse permits the Court to rely solely on the documents designated by Respondent in deciding the Motion for Summary Judgment.

## II. Pertinent Undisputed Facts

On September 5, 1997, the United States District Court for the Eastern District of New York sentenced Petitioner to 41 months of imprisonment for conspiring to sell stolen goods and firearms ("1997 Sentence"). (ECF 13–1, at 1.) On January 17 1999, while incarcerated in the Federal Prison in Allenwood, Pennsylvania, Petitioner was charged with the institutional offense of setting a fire. (ECF No. 1–1, at 9–10.) This offense was based on the fact that after several calls from Petitioner to his brother and other individuals, Petitioner's wife's car was set on fire in New York. (ECF No. 1–1, at 11–12.) As a sanction for this offense, Petitioner was disallowed 27 days of good conduct time. (*Id.* at 12.) On November 22, 2000, Petitioner was released from the BOP after completing service of the 1997 Sentence. (ECF No. 13–1, at 2.)

On February 24, 2017, the United States District Court for the Southern District of New York sentenced Petitioner to 66 months of imprisonment for conspiracy to distribute oxycodone and conspiracy to commit health care fraud. (ECF No. 13–2, at 1.)

In his March 12, 2018 Custody Classification, the BOP assigned Petitioner a Public Safety Factor for the phone abuse described above. (ECF No. 1–1, at 14.)

## III. Mootness

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No cause or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "[T]he amount of [good conduct time] credited towards Petitioner's prior sentence[] has no effect . . . on any term of imprisonment he could receive in the future." *Kokoski v. Small*, No. 5:07–0145, 2008 WL 3200811, at *3 (S.D.W. Va. Aug. 5, 2008); *see Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008). Accordingly, Petitioner's challenge to the revocation of good conduct time with respect to his fully served 1997 Sentence will be DISMISSSED AS MOOT.

## IV. Failure to Exhaust Challenge to Public Safety Factor

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "so that the agency addresses the issues on the merits," *id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a

4

prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See* 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. *See* 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

Here, Petitioner failed to pursue properly any grievance and appeal regarding the imposition of a Public Safety Factor in his custody classification. Accordingly, Petitioner's challenge to the imposition of a Public Safety Factor is unexhausted and will be DISMISSED WITHOUT PREJUDICE.

### V. Conclusion

The Motion for Summary Judgment (ECF No. 12) will be GRANTED. Petitioner's challenge to the loss of good conduct time will be DISMISSED AS MOOT. Petitioner's challenge to the imposition of a Public Safety Factor will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 29 January 2026
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

5